UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARSELES DEVON MILLER,

    Petitioner,

v.                                                                            Case No. 8:20-cv-1130-T-60AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS SECOND OR SUCCESSIVE

Before the Court is Respondent's "Motion to Dismiss Petition for Lack of Jurisdiction." (Doc. 8)  After reviewing the motion and Miller's response (Doc. 10), the Court finds as follows:

A district court may both preliminarily review a petition for writ of habeas corpus and summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4, Rules Governing Section 2254 Cases.  Miller's petition challenges his state court convictions for cocaine trafficking and delivery of cocaine. (Doc. 1 at 1)  Miller filed an earlier petition challenging these same convictions.  Petition, *Miller v. Sec'y, Dep't Corrs.*, No. 8:08-cv-2530-T-17AEP (M.D. Fla.), ECF No. 1.  The district court denied the earlier petition on the merits and denied a certificate of appealability. Order, *Id.*, ECF No. 13.

1

Because the petition in this case challenges the same state court judgment that Miller challenged in the earlier petition and raises ineffective assistance of counsel claims that he could have raised in the earlier petition (Doc. 1 at 5–22), the petition is "second or successive." 28 U.S.C. § 2244(a); *Magwood v. Patterson*, 561 U.S. 320, 338–39 (2010).

The district court lacks jurisdiction to review the "second or successive" petition until the court of appeals grants Miller permission to file the petition. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (". . . Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Holland v. Sec'y, Fla. Dep't Corrs.*, 941 F.3d 1285, 1287 (11th Cir. 2019) ("Holland has already filed two habeas petitions in federal court.  The first of those petitions was denied on the merits. That means any later petition — containing claims, like the ones here, that could have been raised when Holland filed his initial Section 2254 petition — that Holland filed is considered 'successive' and must meet the requirements set out in 28 U.S.C. § 2244(b).").[1]

In the new petition, Miller contends that he challenges a new amended judgment entered on November 21, 2018.  (Doc. 1 at 1)  The state court granted Miller's motion to correct his sentence in part and awarded him additional credit for

---

[1] Three times Miller moved for an order authorizing a "second or successive" petition, and the court of appeals denied the motions. Order, *In re: Miller*, No. 15-11329-B (11th Cir. April 23, 2015); Order, *In re: Miller*, No. 15-14201-G (11th Cir. Oct. 13, 2015); Order, *In re: Miller*, No. 15-15004-G (11th Cir. Dec. 1, 2015).

pretrial detention. (Doc. 8-2 at 104–05) In the amended judgment, the state court corrected the award of jail credit and imposed Miller's sentences "[e]ffective" August 1, 2005 — the date of his original judgment. (Doc. 8-2 at 20–30, 107–10) Under state law, the correction of the award of jail credit is ministerial and the amended judgment relates back to the date of the original judgment. *Hagley v. State*, 140 So. 3d 678, 679 (Fla. 5th DCA 2014) ("Florida has long recognized a court's inherent power to correct clerical errors such as calculation of jail credit."); *Luke v. State*, 672 So. 2d 654, 655 (Fla. 4th DCA 1996) ("[T]he court's recitation of the number of days' credit for time served is merely a ministerial act requiring no personal judgment or discretion in its performance."); *Carson v. State*, 489 So. 2d 1236, 1238 (Fla. 2d DCA 1986) ("A court may correct clerical mistakes in its own judgments and records, *nunc pro tunc*, even after the term of court has expired, and such corrections generally relate back and take effect as of the date of judgment.").

The state court did not enter the amended judgment *nunc pro tunc* to the date of the original judgment but did not amend the sentences that authorize Miller's confinement either. *Patterson v. Sec'y, Fla. Dep't Corrs.*, 849 F.3d 1321, 1328 (11th Cir. 2017) ("Patterson would have us hold that any order that changes a prisoner's sentence is a new judgment that triggers a new round of federal review. But the only judgment that matters is the judgment that authorizes Patterson's confinement . . . ."). Consequently, Miller's amended judgment is not a new judgment that entitles him to a second round of review on federal habeas. *Goodloe v. Sec'y, Dep't Corrs.*, 823 F. App'x 801, 803 (11th Cir. 2020) ("Here, the

3

2015 jail credit order did not 'vacate [Goodloe's] sentence and replace it with a new one.' By its terms, the order merely corrected the original sentence by addressing a clerical error in Goodloe's credit time.") (citations omitted); *Wells v. Sec'y, Dep't Corrs.*, 769 F. App'x 885, 887 (11th Cir. 2019) ("In other words, the amended judgment corrected the record to reflect the intent of the trial court at Wells's sentencing to credit him for every day he had served in jail awaiting sentencing. The amended judgment was not a new judgment because it was not the 'judgment that authorize[d] [Wells's] custody.'") (citations omitted).[2]  It is therefore

**ORDERED, ADJUDGED, AND DECREED:**

1. Respondent's motion to dismiss the petition for the writ of the habeas corpus (Doc. 8) is **GRANTED**. The petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as an unauthorized "second or successive" petition.

2. The district court cannot issue a certificate of appealability. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of November, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[2] In his response, Miller cites *Esty v. Jones*, No. 3:14-cv-357, 2015 WL 4130108 (N.D. Fla. July 9, 2015) and *Mundy v. Sec'y, Dep't Corrs.*, No. 5:11-cv-71 (N.D. Fla. Apr. 18, 2012). (Doc. 10 at 1–2) Both unpublished district court orders predate *Wells* and *Goodloe*.

4